UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00552-MRA-DFM | Date | September 25, 2026 |
| Title | *Jorge Cazares Rodriguez v. HV Global Group, Inc. et al* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [15] AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [18]**

Before the Court is Plaintiff's Motion to Remand, ECF 15, and Defendant's Motion to Dismiss, ECF 18. The Court read the briefing related to the Motions and held a hearing on June 23, 2026. ECF 33. For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES AS MOOT** Defendant's Motion to Dismiss.

## I. BACKGROUND

On February 2, 2026, Plaintiff Jorge Cazares Rodriguez ("Plaintiff" or "Rodriguez") filed this action in Orange County Superior Court against Defendants HV Global Group, Inc. ("Defendant" or "HV Global") and Does 1-50. ECF 1. On March 11, 2026, Defendant removed the case to federal court based on diversity jurisdiction. *Id.* On April 8, 2026, Plaintiff filed the First Amended Complaint ("FAC"). ECF 17.

According to the FAC, Plaintiff was employed by HV Global as a staff accountant from July 2019 to June 2025. *Id.* ¶¶ 7, 28, Ex.1 at 2. On November 3, 2025, Plaintiff provided notice to the Labor and Workforce Development Agency ("LWDA") of Defendant's alleged violations of the California Labor Code ("PAGA Notice"). *Id.* ¶ 28, Ex. 1. Pursuant to the Labor Code Private Attorney General Act of 2004, California Labor Code § 2699 ("PAGA"), Plaintiff brings this representative action on behalf of all individuals who are or were previously employed by HV Global and classified as non-exempt employees ("Aggrieved Employees") from November 3, 2024, to a date to be determined by the Court ("PAGA Period"). *Id.* ¶¶ 1, 8. Plaintiff seeks to recover for Defendant's alleged violations of the California Labor Code, the California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), and the applicable Wage Orders. *Id.* ¶¶ 9, 29. Plaintiff asserts one claim for PAGA civil penalties. *Id.* ¶¶ 25-29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00552-MRA-DFM | Date | September 25, 2026 |
| Title | *Jorge Cazares Rodriguez v. HV Global Group, Inc. et al* | | |

On March 27, 2026, Plaintiff filed a Motion to Remand. ECF 15. On April 22, 2026, Defendant filed a Motion to Dismiss the FAC. ECF 18. Both motions are fully briefed.

## II. DISCUSSION

The Court first addresses Plaintiff's Motion to Remand because it concerns the Court's jurisdiction over this matter. It is axiomatic that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may exercise jurisdiction only when authorized by the Constitution or a statute. *Id.* A federal district court has diversity jurisdiction over a matter where the amount in controversy exceeds the sum or value of $75,000, and there is complete diversity among opposing parties. 28 U.S.C. § 1332(a)(1). Complete diversity exists when "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Under 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have had original jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The propriety of removal "may later be tested in the federal court, either on a motion by a party to remand, or by the court on its own motion." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

In the Notice of Removal, Defendant argued that the Court has jurisdiction over the case because Plaintiff, a citizen of California, and Defendant, a citizen of Delaware and Florida, are diverse parties and the amount in controversy exceeds $75,000. ECF 1 ¶¶ 6, 10, 12, 14, 39-42. However, Plaintiff argues that Defendant has not shown by a preponderance of the evidence that the amount in controversy requirement is met. The crux of the issue is whether Plaintiff can limit the temporal scope of his claims to a one-year period preceding the filing of this action, which would negate the requisite amount in controversy.

Specifically, Plaintiff maintains that Defendant should not be allowed to calculate an amount in controversy based on Plaintiff's entire period of employment with Defendant, because the FAC and PAGA Notice "clearly limit the penalties sought to the one-year period, by defining a 'PAGA Period' and limiting damages to penalties deriving from that period." ECF 28 at 2. But Defendant insists that "Plaintiff repeatedly frames his allegations . . . as spanning the entirety of his employment," so the amount in controversy should account for the entire period of employment. ECF 24 at 7. In support, Defendant relies on a ruling from this Court in a different

case, *Martinez v. Sunnova Energy Corporation*, No. 2:24-CV-06346-MRA-MAR, 2025 WL 732350 (C.D. Cal. Mar. 7, 2025), *appeal dismissed sub nom. Martinez v. Sunnova Energy*, No. 25-2284, 2025 WL 1899099 (9th Cir. Apr. 17, 2025). There, the plaintiff similarly sought to restrict his claim to a one-year period and argued that the case should be remanded because the amount in controversy was not met. *Id.* at *4. However, in that case, unlike here, the plaintiff raised the temporal restriction of his claim for the first time in his motion to remand, and did not define a specific time period in his complaint. *Id.* Here, Plaintiff referred to the PAGA Period in the PAGA Notice and in both complaints filed in this action. *See* ECF 1, 17.

While conceding that Plaintiff limits his allegations regarding rest break violations and overtime wages violations to the PAGA Period, Defendant argues that the rest of the FAC is not restricted temporally. But even assuming that the rest of the FAC is predicated on violations that occurred throughout Plaintiff's six years of employment, the total amount in controversy would still be approximately $56,000. This total, explained in more detail below, is calculated by taking the amounts calculated by Defendant as true and modifying the rest break and overtime wages calculations based on 18 bi-weekly pay periods, which is the number of pay periods during the PAGA Period. *See* ECF 15 at 11.

Defendant insists that the Court must also consider the total amount of potential penalties, not just Plaintiff's pro-rata share, in calculating the amount in controversy. ECF 24 at 23. Under PAGA, the LWDA recovers 65% of the penalties, whereas the aggrieved employee recovers the remaining 35%. Cal. Lab. Code § 2699(m). While there is some disagreement among district courts as to which amount should be used to calculate the amount in controversy, the Court considers, as it did in *Martinez*, only Plaintiff's 35% pro-rata share, because it is illogical to take into account a portion of an award that the plaintiff will not recover. *See* 2025 WL 732350 at *5. Thus, for the overtime wage violations, Defendant applies a $200 penalty per bi-weekly pay period during the PAGA period. *See* ECF 24 at 18. This amounts to $3,600 ($200 x 18 bi-weekly pay periods). For the rest break violations, Defendant assumes six violations per bi-weekly pay period, which equals 108 violations (6 violations x 18 bi-weekly pay periods) during the PAGA Period. *Id.* at 20-21.[1] Defendant then applies a $100 penalty per rest break violation plus $50 for the initial violation. *Id.* at 20. This amounts to $10,750 ($50 for initial violation + ($100 x 107 violations)).

[1] Defendant also provides a calculation based on one rest-period violation per shift. However, neither party provided the Court with the number of shifts Plaintiff worked during the PAGA Period. Defendant's timesheet does not include any shifts during the relevant period. Without this information, the Court declines to consider Defendant's broader calculation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00552-MRA-DFM | Date | September 25, 2026 |
| Title | *Jorge Cazares Rodriguez v. HV Global Group, Inc. et al* | | |

In summary, the total amount in controversy is at most $56,568.75, which fails to meet the threshold required to satisfy diversity jurisdiction.

| **Violation Type** | **Amount in Controversy, considering Six Missed Breaks per Two-Week Pay Period** |
|---|---|
| Minimum Wage Violations | $21,000 * .35 = $7,350 |
| Overtime Wages Violations | $3,600 * .35 = $1,260 |
| Meal Break Violations | $62,450 * .35 = $21,857.50 |
| Rest Break Violations | $10,750 * .35 = $3,762.50 |
| Failure to Reimburse Business Expenses | $10,500 * .35 = $3,675 |
| Untimely Wage Payments During Employment | $21,000 * .35 = $7,350 |
| Attorneys; Fees Amount in Controversy | $11,313.75 (25% of above total) |
| **TOTAL AMOUNT IN CONTROVERSY** | **$56,568.75** |

Defendant's argument that Plaintiff purportedly asserts a claim that is fundamentally different than the one he exhausted does not alter the Court's decision to remand the case for lack of diversity jurisdiction. Defendant cites no authority that would bar Plaintiff from narrowing the relevant period in his complaint—or prosecuting a narrower set of claims—if the PAGA Notice was for a broader period. Here, Plaintiff defined the PAGA Period in the PAGA Notice with the same language used in the FAC. *See* ECF 17 ¶¶ 8, 28, Ex. 1 at 1. Moreover, under PAGA, courts shall not dismiss actions "for nonmaterial differences in facts or theories between those contained in the notice of violation provided to the division and employer pursuant to paragraph (1) and the complaint filed with the court." Cal. Lab. Code § 2699.3(b)(2)(A)(iv).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00552-MRA-DFM | Date | September 25, 2026 |
| Title | *Jorge Cazares Rodriguez v. HV Global Group, Inc. et al* | | |

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand [15] is **GRANTED**. The case is remanded to Orange County Superior Court, Case No. 30-2026-01544809-CU-OE-CXC. As a result, Defendant's Motion to Dismiss [18] is **DENIED as moot.**

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk mku